## LIZZIE S. BALL et al., Respondents, v. ADAM K. REYBURN, Appellant.

### Kansas City Court of Appeals, April 19, 1909.

1. **CONTRACTS: Impeachment of: Evidence.** Suit on an account was supported by evidence of a written contract which the answer impeached, conceding the signature but claiming that the first page had been fastened onto the contract. Evidence considered and held insufficient to sustain such charge.

2. ———: ———: **Attorney and Client: Unconscionable Fee.** A contract to pay an attorney's fee will not be held unconscionable unless it is such that no man in his senses and not under delusion would make on the one hand and no fair man would accept on the other, and the evidence fails to establish such contract.

3. ———: ———: **Evidence.** Evidence held insufficient to invalidate a written instrument whether it be considered as an acknowledgment or a composition and settlement or a contract.

4. **APPELLATE PRACTICE: Evidence: Trial Court.** The appellate court reviews the finding in equity cases but defers largely on disputed matters to the conclusions of the trial court.

Appeal from Ray Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*J. L. Farris, Jr., & Roberts* and *Black & Jenkins* for appellant.

(1) Courts will not enforce a contract if it appears to be unconscionable or unjust, even though signed by the party sought to be charged with full knowledge. Bond et al. v. Sanford, 114 S. W. 570; Blain v. Knapp & Co., 140 Mo. 241; Walker v. Automobile Co., 124 Mo. App. 628. (2) The paper writing, "Exhibit A," at most is a mere admission and, being such it is open to

correction, impeachment and qualification. (3) The instrument itself is convincing proof that A. K. Reyburn did not know of the contents on the first page; and that the same was fradulently so placed, or that Mr. Reyburn, by reason of his age, could not understand that he was agreeing to pay $500 to James E. Ball (now deceased) for services to be rendered in the Ray Circuit Court, only and in addition thereto, for a reasonable compensation to Mr. Ball for preparing brief, transcript and bill of exceptions. (4) Even if this written instrument is to be treated as a contract, the defendant had the right when the same shall be given in evidence to prove the want or failure of consideration. This was attempted to be done and was done beyond all cavil. R. S. 1899, sec. 645. (5) If the written instrument admitted in evidence as "Exhibit A" is to be treated as a composition or settlement of the past matters between James E. Ball (now deceased) and appellant, then it was competent as a defense to plead that the composition or settlement was fraudulently or wrongfully procured from appellant. On this point the evidence is overwhelming that such was the condition. R. S. 1899, sec. 654.

*Lavelock & Kirkpatrick* for respondents.

(1) It was competent for Mr. Ball and defendant to make the contract involved in this suit; they were free to agree, and they did so contract, thus fixing the rights and liabilities of each, and they were firmly bound thereby. The courts have uniformly so held. Besides, the presence of the defendant's signature to the contract warrants the presumption that he not only understood it, but that he assented and agreed to it. Schubach v. McDonald, 179 Mo. 189; Bank v. Farris, 77 Mo. App. 196; Evans v. Evans, 196 Mo. 23; Kirkpatrick v. Pease, 202 Mo. 494; Real Estate Co. v. Spellbrink, 111 S. W. (Mo.) 494; Campbell v. Van Houten, 44 Mo. App. 238; Dawson v. Wombles, 123 Mo. App. 345; 7 Am. and Eng. Ency. of Law (2 Ed.), p. 112 and note. (2) The con-

tract was not unconscionable. Neither on the face of the contract, nor under the evidence introduced, could it be adjudged unconscionable. 8 Century Dictionary, p. 6590; 2 Bouv's Dict., p. 621; 4 Bouv's Inst., n. 3848; 29 Am. and Eng. Ency. of Law (2 Ed.), p. 94; Chesterfield v. Janssen, 2 Ves. Sr. 154. (3) While appellate courts frequently review the evidence in equity cases, yet, it is equally true they defer to findings of trial courts where the evidence is given orally, and, particularly, if the testimony is somewhat conflicting. Bank v. Murray, 88 Mo. 196; Mathias v. O'Neill, 94 Mo. 529; Benne v. Schnecko, 100 Mo. 259; Rawlins v. Rawlins, 102 Mo. 567; Wilson v. Craig, 175 Mo. 403; Jordan v. Davis, 172 Mo. 608; Friedman v. Kelley, 126 Mo. App. 287.

ELLISON, J.—Plaintiffs are the executors of the will of James Ball and brought this action for fees alleged to have been earned by Ball as a practicing lawyer in Ray county. They recovered judgment in the trial court.

The petition was in two counts but the second one was abandoned and the case left to stand on the first, which states the items of indebtedness and that these had been stated and agreed upon in writing signed by the parties. The contract recites that defendant was indebted to Ball for certain service theretofore rendered in a case with a coal mining company, in the sum of $200, of which he had paid $50. That he owed him $30 for indebtedness, not stated on what account. It further recites that defendant had employed Ball in a certain injunction case brought to restrain the city of Richmond from changing and lowering the grade of a street in such city upon which defendant's property abutted, for which services he was to pay $500. There appears a credit of $40 on the contract, which leaves a balance appearing to be due of $640, the amount for which judgment is asked and rendered.

We are asked to review the evidence in the record as though the case had been converted by defendant's answer into one in equity, and since in our opinion, considered as a case either at law or in equity the judgment should be affirmed, we have examined it from the latter standpoint. The evidence shows beyond doubt that the written agreement was executed by defendant. It is conceded that the signature is his, but it is shown that the agreement was written by typewriter on two pages, of paper, defendant signing at the close, on the last page, and it is claimed that the first page has been attached to it by ordinary "fasteners" after signing. The evidence, does not sustain the claim.

The principal contention between the parties is over the charge of $500 for the injunction case against the city of Richmond. The charge is claimed to be so disproportionate to the importance of the case and the service rendered as to be unconscionable, and that the agreement for its payment should be set aside. An unconscionable bargain is a fraud, and it may be made to appear by showing that it is "such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." [Chesterfield v. Janssen, 2 Ves. Sen. 125, 155.]

We have examined the evidence bearing upon this point and have concluded, with the learned trial judge, that it does not justify us in refusing validity to the agreement. Defendant was a man able to care for himself and to determine what effect the proposed action of the city he wished to enjoin would have on his property and his feelings, he having resided at the place for a long number of years. It was shown that he expressed himself as determined to prevent it if it cost him "a thousand dollars." To permit an avoidance of the writing, on the evidence disclosed in the record, would make written contracts of too slight consequence for the proper security of business transactions.

As stated at the outset, the agreement acknowledged an indebtedness of $30, and a further indebtedness of $200 as a fee in a coal mining case, credited by a payment of $50, and we do not think the record shows that this was not owing. The integrity of the writing has not been successfully impeached and we therefore give effect to its acknowledgments. We say this, whether it be considered in either of the three ways which have found expression in defendant's brief and argument, viz., a mere written acknowledgment, a composition and settlement, or a contract.

It is rightly said that we are not bound by the finding of the trial court in an equity case. But while that is true, the constant practice has been that where the case is heard on oral testimony, the witnesses thereby facing the trial judge, we defer largely, on disputed matters, to his conclusions. [Wilson v. Craig, 175 Mo. l. c. 403; Bank v. Murray, 88 Mo. l. c. 196; Mathias v. O'Neil, 94 Mo. l. c. 530; Benne v. Schnecko, 100 Mo. l. c. 257.]

We have carefully considered the points and suggestions made in defendant's behalf, but we find ourselves without right to interfere with the judgment, and it is accordingly affirmed. All concur.